FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW STAWICKI,<br><br>                Plaintiff,<br><br>  v.<br><br>KEN WADE, TIM WEED, TREVOR ROGERS, DEREK HOLMES, RYAN SHULL, DAN HANSBERRY, JIM WEED, RYAN POTTER, RAY CEDENO and JENNIFER A. MARGEIM,<br><br>                Defendants. | NO: 1:22-CV-3189-RMP<br><br>ORDER DISMISSING ACTION |

By Order filed January 9, 2023, the Court advised Plaintiff Andrew Stawicki, a pretrial detainee at the Kittitas County Jail, of the deficiencies of his civil rights complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 10. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

The Court cautioned Plaintiff that if he failed to comply with the directives in the Order, the Court would dismiss his complaint. As of the date of this Order,

ORDER DISMISSING ACTION -- 1

1  Plaintiff has not filed any response.

2  Specifically, the Court advised that Plaintiff had failed to set forth facts
3  demonstrating how each Defendant, acting under color of state law, caused or
4  personally participated in causing a deprivation of Plaintiff's protected rights.
5  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040,
6  1045 (9th Cir. 1989). Plaintiff's assertions regarding a traffic stop made with "valid
7  cause," because he had expired tabs, and which resulted in his vehicle being towed
8  and subsequently searched pursuant to a warrant, *see* ECF No. 1 at 9–10, did not
9  state a constitutional violation. *See Rodriguez v. United States*, 575 U.S. 348, 354
10 (2015).

11 Furthermore, this Court was precluded by the *Younger* abstention doctrine
12 from enjoining pending state criminal proceedings, absent extraordinary
13 circumstances not presented here. *See Younger v. Harris*, 401 U.S. 37, 45–46
14 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992); *Martinez v.*
15 *Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997). Plaintiff did not amend his
16 complaint to state a plausible claim for relief. Therefore, the Court finds it
17 appropriate to dismiss this action. *See World Famous Drinking Emporium, Inc. v.*
18 *City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the
19 proscription of *Younger*, a district court must dismiss the federal action."); *see*
20 *Kenneally*, 967 F.2d at 331.

21 / / /

ORDER DISMISSING ACTION -- 2

Accordingly, **IT IS ORDERED:**

1. The complaint, **ECF No. 1,** is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **without prejudice** to Plaintiff pursuing appropriate state appellate and federal habeas relief.

2. Based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. This case is **DISMISSED** and **CLOSED**.

**IT IS SO ORDERED.** The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Plaintiff and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** March 22, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DISMISSING ACTION -- 3